IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Aaron D. Ludwick,                         :
                                          :       Case No. 1:24-cv-51
          Plaintiff,                      :
                                          :       Judge Susan J. Dlott
              v.                          :
                                          :       Order Overruling Objections and
Warden, Chillicothe Correctional          :       Affirming March 17, 2025 Order
Institution,                              :
                                          :
          Defendant.                      :


          This matter is before the Court on the Objections to the Order Denying Expansion of the

Record and Pauper Status filed by Petitioner Aaron D. Ludwick.  (Doc. 28.)  Ludwick has filed a

Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody

("Habeas Petition") challenging his conviction for four counts of sexual conduct with a minor

less than thirteen years old and one count of sexual conduct with another by force or threat of

force.  (Doc. 1.)  On March 17, 2025, Magistrate Judge Stephanie K. Bowman issued an Order

granting in part and denying in part Ludwick's Motion to Expand the Record (Doc. 11), denied

as moot his Motion for Leave to Proceed *in Forma Pauperis* (Doc. 22), and denied as moot his

Motion to Call Attention to the Court (Doc. 25).  (Doc. 27.)  Ludwick objects to the Order to the

extent that the Magistrate Judge denied his request to expand the record and denied as moot his

request to proceed *in forma pauperis*.  (Doc. 28.)  In a Supplemental Pleading, he objects to the

extent that the Magistrate Judge treated his request to expand the record as a request for

discovery under Rule 6 of the Rules Governing Section 2554 Cases ("§ 2254 Rules").  (Doc. 29.)

For the reasons below, the Court will **OVERRULE** the Objections and **AFFIRM** the Order.

## I.      STANDARD OF REVIEW

Title 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure

authorize magistrate judges to decide nondispositive matters which have been referred to them.

A party's failure to timely object to a written order on a nondispositive matter forfeits any error.

Fed. R. Civ. P. 72(a).  If a party timely files objections to a magistrate judge's decision on a

nondispositive matter, the district judge must "modify or set aside any part of the order that is

clearly erroneous or is contrary to law." *Id.*  The clearly erroneous standard applies to a

magistrate judge's findings of fact and the contrary to law standard to her conclusions of law.

*United States v. Hofstetter*, 423 F. Supp. 3d 502, 505 (E.D. Tenn. 2019).  "A finding is clearly

erroneous where it is against the clear weight of the evidence or where the court is of the definite

and firm conviction that a mistake has been made." *Galbraith v. N. Telecom, Inc.*, 944 F.2d 275,

281 (6th Cir. 1991), *overruled on other grounds*, *Kline v. Tenn. Valley Auth.*, 128 F.3d 337 (6th

Cir. 1997); *see also Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D.

Ohio Mar. 22, 2001) (same).  A decision is contrary to law if the magistrate judge has ignored or

misapplied the applicable law found in the Constitution, statutes, or case precedent.  *See*

*Ridenour v. Collins*, 692 F. Supp. 2d 827, 829 (S.D. Ohio 2010); *Hood*, 2001 WL 327723, at *2.

## II.     MOTION TO EXPAND THE RECORD (Doc. 11)

Ludwick moved the Court to expand the record to include four sets of items, only two of

which remain at issue: (1) the recording of his January 21, 2021 police interrogation and (2) the

transcript of the June 2, 2022 oral arguments on direct appeal.  Ludwick asserts that the police

interrogation recording is relevant to Grounds Two and Three of the Habeas Petition, in which he

alleges that his direct appeal attorney made two errors related to the allegedly false trial

testimony offered by the detective who interrogated him.  (Doc. 1 at PageID 8–14; Doc. 29 at

2

PageID 1369.)  He argues that the police interrogation recording could have been used to impeach the detective.  Ludwick asserts that the direct appeal transcript is relevant to Ground Four of the Habeas Petition, in which he alleges his direct appeal attorney should have argued prosecutorial misconduct during the trial closing argument.  (Doc. 1 at PageID 14–17; Doc. 29 at PageID 1370.)

The Magistrate Judge denied Ludwick's Motion to the extent that he sought the police interrogation recording and the direct appeal transcript.  (Doc. 27 at PageID 1348–1349.) Ludwick has objected to her Order.  (Docs. 28–29.)  Because the Magistrate Judge's factual findings were not clearly erroneous and her legal conclusions were not contrary to law, the Court will overrule the Objections.

## A.    Legal Standards for Evidence and Discovery in 28 U.S.C. § 2254 Cases

Ludwick moved the Court to expand the record under Rule 7 of the § 2254 Rules, which gives a judge authority to direct the parties to expand the record with materials related to a habeas petition.  The decision to expand the record under Rule 7 is discretionary.  *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008).  The Magistrate Judge also considered Rule 6 of the § 2254 Rules, which allows a judge for good cause to authorize the parties to conduct discovery.  The Supreme Court explained that good cause exists where "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–909 (1997) (cleaned up).

Also relevant is the Antiterrorism and Effective Death Penalty Act of 1996, which restricts discovery in habeas proceedings.  A district court ordinarily cannot consider evidence outside the state court record on a § 2254 habeas petition when the state courts have adjudicated

3

a claim on the merits.  *Cullen v. Pinholster*, 563 U.S. 170, 180–181 (2011) (applying 28 U.S.C.
§ 2254(d)).  If the district court first determines that the state court merits decision was "based on
an unreasonable determination of the facts in light of the evidence presented in the State court
proceeding" under § 2254(d)(2), then the district court can consider evidence outside the state
court record to determine whether the claim warrants habeas relief.  *Short v. Warden, Chillicothe
Corr. Inst.*, No. 3:19-CV-052, 2025 WL 601257, at *5 (S.D. Ohio Feb. 25, 2025).  Likewise, a
district court is constrained in its authority to expand the record or permit discovery without first
considering whether the evidence would be admissible to support the petitioner's claim.  *Shoop
v. Twyford*, 596 U.S. 811, 820–822 (2022); *see also Short*, 2025 WL 601257, at *5 (applying
*Twyford*).

## B.    Analysis

Based on the standards for evidence and discovery in § 2254 cases, the Court examines
whether Ludwick's ineffective assistance of appellate counsel claims were denied on the merits
in state court and whether the requested materials are in the state court record.  The state appeals
court adjudicating Ludwick's Ohio Rule of Appellate Procedure 26(B) proceedings denied all of
Ludwick's claims for ineffective assistance of appellate counsel on direct appeal.  (Doc. 6 at
PageID 269–273.)  The state appeals court, following the two-stage procedure in *Ohio v. Leyh*,
166 Ohio St. 3d 365, 185 N.E.3d 1075, 2022-Ohio-292 (2022), determined at the first stage that
Ludwick had not established even a genuine issue as to whether there was a colorable claim for
ineffective appellate counsel.  (*Id.*)  This was a merits determination.  *See Leyh*, 185 N.E.3d at
1079 (stating that a "substantive review of the claim is an essential part of a timely filed App. R.
26(B) application").

Based on the standards for evidence and discovery in § 2254 cases, the Court examines
It is undisputed that neither the direct appeal transcript nor the police interrogation

recording are in the state court record.  The Warden asserts that there is no transcript from the direct appeal oral argument.  (Doc. 17 at PageID 1138.)  Ludwick concedes this point, but he points out that Ohio Rule of Appellate Procedure 21(J) required the state court to make an audio or video recording of the oral argument.  "Such recordings shall be made available to the parties or public upon request, at their actual cost pursuant to Sup.R. 44."  Ohio R. App. Pro. 21(J).  This Ohio appellate rule does not provide for preparing a transcript from the recording.  A party has no duty to create a transcript that does not exist or is not in their control.  *See Smallwood v. Collins*, No. 2:08-CV-679, 2010 WL 2044953, at *3 (S.D. Ohio May 21, 2010) ("Defendants have no duty to create a report for Plaintiff or to produce documents that do not exist or which are not within the Defendants' custody and control.")

Likewise, the police interrogation recording is not in the state court record.  The state court docket shows that Ludwick moved to suppress statements on May 5, 2021, but it does not indicate that a recording of the interrogation was filed or submitted to the court in support of the motion to suppress.  (Doc. 6 at PageID 66.)  Moreover, the parties agreed to withdraw Ludwick's motion to suppress on May 27, 2021.  (*Id.*)  Nothing suggests that the state trial court examined or considered the police interrogation recording.

Because there was a determination on the merits of the relevant ineffective assistance of appellate counsel claims in the Ohio Appellate Rule 26(B) proceedings, the *dehors* materials requested by Ludwick is inadmissible under *Pinholster* at this point in the habeas case.  The Court also agrees with the Magistrate Judge's finding that the requested transcript and interrogation recording do not currently appear to be material or otherwise necessary to an adjudication of the Grounds for Relief asserted in Ludwick's Habeas Petition.  (Doc. 27 at PageID 1349.)  Expanding the state court record or granting discovery is not appropriate at this

5

time under the § 2254 Rules.  The Court affirms the Magistrate Judge's Order insofar as she denied the Motion to Expand the Record.  If the Court ultimately finds based on state court record that the state court in the Ohio Appellate Rule 26(B) proceedings made an unreasonable determination of the facts under § 2254(d), then Ludwick can renew his request for the police interrogation recording and for the direct appeal recording.

### III.    MOTION TO PROCEED *IN FORMA PAUPERIS* (Doc. 22)

Magistrate Judge Bowman denied as moot Ludwick's Motion to Proceed *in Forma Pauperis*.  (Doc. 27 at PageID 1350.)  A person granted *in forma pauperis* status can commence and prosecute a civil action "without prepayment of fees."  28 U.S.C. § 1915(a)(1).  Ludwick already paid the filing fee for this action.  (Doc. 3.)  Section 1915 does not give the Court authority to waive the filing fee after an indigent person has filed suit.  *Gibson v. Yaw*, No. 1:22-cv-773, 2023 WL 2837200, at *1 (S.D. Ohio Apr. 7, 2023) (citing *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 (3d Cir. 2009)).  It also does not exempt litigants from other litigation costs such as copying documents, expert witness fees, or sanctions.  *Porter*, 564 F.3d at 180 n.3.  The Magistrate Judge was correct to deny the Motion to Proceed *in Forma Pauperis* as moot.

### IV.    CONCLUSION

For the reasons above, the March 17, 2025 Order (Doc. 27) is **AFFIRMED** and Ludwick's Objections (Doc. 28) are **OVERRULED**.

**IT IS SO ORDERED.**

BY THE COURT:


S/Susan J. Dlott
Susan J. Dlott
United States District Judge