# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

AARON D. LUDWICK,

                Petitioner,     :           Case No. 1:24-cv-51

   - vs -                                  District Judge Susan J. Dlott
                                        Magistrate Judge Michael R. Merz

TIM SHOOP, Warden, Chillicothe
  Correctional Institution,

                                    :

            Respondent.

# DECISION AND ORDER DENYING MOTION TO STAY

This is a habeas corpus case brought *pro se* by Petitioner Aaron Ludwick under 28 U.S.C. § 2254 to obtain relief from his conviction for rape in the Highland County Court of Common Pleas. The case is before the Court on Petitioner's Motion to Stay these proceedings pending his return to state court (ECF No. 38).

**Litigation History[1]**

Ludwick was convicted of five counts of rape of a minor in the Highland County Court of Common Pleas and sentenced to four terms of life imprisonment without the possibility of parole plus an eleven year term on a fifth count. The conviction was affirmed by the Fourth District Court of Appeals. *State v. Ludwick,* 2022-Ohio-2609 (Ohio App. 4th Dist. Jul. 26, 2022)(copy at State

---

[1] This section summarized the longer litigation history recounted in the Report and Recommendations (ECF No. 37).

Court Record, ECF No. 6, Ex. 10).  The Ohio Supreme Court declined to exercise jurisdiction over a further appeal.  *State v. Ludwick,* 168 Ohio St. 3d 1448 (Nov. 8, 2022).  Ludwick was also unsuccessful on an Application for Reopening on grounds of ineffective assistance of appellate counsel and on a petition for post-conviction relief under Ohio Revised Code § 2953.21.  The Fourth District denied the 26(B) application and affirmed denial of the post-conviction petition with the Ohio Supreme Court declining appellate jurisdiction in each of those proceedings.

Ludwick filed his Petition for Habeas Corpus in this Court January 23, 2024.  The case became ripe for decision May 30, 2025, upon the Court's acceptance of Ludwick's 118-page Amended Traverse.  On June 4, 2025, the undersigned filed a Report and Recommendations dealing with the issues raised by the pleadings.  The instant Motion was filed the next day.

## Analysis

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005).  However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278.  "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*. It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back.  The Court thus endorsed the approach this Court had been following under *Palmer v. Carlton,* 276 F.3d 377 (6th Cir. 2002), and *Hill v. Anderson,* 300 F.3d 679, 683 (6th Cir. 2002).

Petitioner intends to pursue, through a second petition for post-conviction relief, "the two ineffective assistance of trial counsel claims of grounds two of the petition, and the two *Napue* [*v. Illinois*, 360 U.S. 264, 269 (1959)] claims of grounds three."  (Motion, ECF No. 38, PageID 1537).

The referenced ineffective assistance of trial counsel claims are that trial counsel failed to impeach the credibility of the prosecution's key witnesses, Detective Vincent Antinore and Cheryl Denise Fauber.  These claims were presented as underlying claim in Petitioner's 26(B) application where he alleged appellate counsel was ineffective for failure to raise this claim on direct appeal. The referenced *Napue* claims are that the State violated Ludwick's due process rights by presenting known false testimony of Detective Antinore and Cheryl Fauber.

Petitioner also says he intends to pursue five new ineffective assistance of trial counsel claims, but he does not disclose the substance of those claims (Motion, ECF No. 386, PageID 1538).  Finally he says he intends to challenge the jurisdiction of the trial court, but gives no basis on which that would be a cognizable claim.

As authority for evaluating his Motion, Ludwick relies on *Hilton v. Braunskill*, 481 U.S. 770 (1987), where the Supreme Court held the following factors apply in deciding whether to stay a judgment pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776-77, *citing* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2904 (1973). That standard does not parallel the factors the Supreme Court adopted by the Supreme Court in *Rhines*. Applying the *Rhines* standard, the Court finds Ludwick has offered no excuse for not raising these claims earlier. He also has not suggested how his new post-conviction petition will be timely when Ohio law requires such petitions to be filed within one year of preparation of the transcript on direct appeal. Finally, for reasons given in the Report and Recommendations, Ludwick is not likely to succeed on these claims on the merits.

The Motion to Stay is DENIED.

June 6, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge