IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

AARON D. LUDWICK,

        Petitioner,    :        Case No. 1:24-cv-51

  - vs -                                District Judge Susan J. Dlott
                                        Magistrate Judge Michael R. Merz

TIM SHOOP, Warden, Chillicothe
  Correctional Institution,

                                    :

        Respondent.

## DECISION AND ORDER DENYING MOTION TO EXPAND THE RECORD

This habeas corpus case is before the Court on Petitioner's Second Motion to Expand the Record (ECF No. 42)[1]. Respondent opposes the Motion (ECF No. 45).

Petitioner writes:

> The Petitioner seeks entry of two items, the video of the police interrogation of the Petitioner from trial court case number 21CR024, docket entry 19, item (A)(4). ECF 6 PageID 65; ECF 12 PageID 1105. Also, the video of a conversation between N.L. and her mother. Entered into the trial court docket on Aug. 5, 2021, additional discovery (by state), within the document item (C)(1) Audio conversation between victim and mother -attached. ECF 6 PageID 70; Appendix item I.

(Motion, ECF No. 42, PageID 1549).

---

[1] Petitioner's First Motion to Expand the Record was denied by Chief Magistrate Judge Bowman as to the two items sought to be added now before the reference of the case was transferred to the undersigned (ECF No. 27).

1

Rule 7(a) of the Rules Governing § 2254 Cases (the "Habeas Rules") provides in pertinent part: "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7 was adopted as part of the original set of Habeas Rules in 1976; stylistic changes were made in 2004 which did not affect the substance of the Rule (See Advisory Committee Note to 2004 Amendments). The purpose of the Rule was to allow addition of materials a habeas judge could consider on the merits without holding an evidentiary hearing (See Advisory Committee Notes to 1976 Adoption).

On its face Rule 7 would allow the materials Stevens wants to add to the record. They are relevant to the case and appear to have been produced in discovery in the trial court. However, Rule 7 must be read in light of later case law. In 2011, the Supreme Court decided in *Cullen v. Pinholster,* 563 U.S. 170 (2011), which bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020). Specifically the Court held

> [R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.,* the record before the state court.

*Id.* at 181-82.

The Warden's Response proves that these two items were not entered into evidence at trial and thus not considered by the jury or trial court judge in considering the merits of the case. They

were not added to the record before the Ohio courts by Ludwick's Petition for Post-Conviction Relief (Petition, State Court Record, ECF No. 6, Ex. 21).

References to these items on the trial court docket do not imply they were considered by the trial court. Prosecutors have obligations under Ohio R. Crim. P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), to produce information in discovery which is not later introduced in evidence. Trial court docket entries documenting compliance with discovery law are a common phenomenon.

Petitioner's Second Motion to Expand the Record is DENIED.

July 23, 2025.

s/ *Michael R. Merz*  
United States Magistrate Judge