IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

AARON D. LUDWICK,

        Petitioner,   :        Case No. 1:24-cv-51

  - vs -                                District Judge Susan J. Dlott
                                          Magistrate Judge Michael R. Merz

TIM SHOOP, Warden, Chillicothe
  Correctional Institution,

                                   :
        Respondent.

## DECISION AND ORDER DENYING MOTION TO AMEND AND TO CONDUCT DISCOVERY

      This habeas corpus case is before the Court on Petitioner's Motion to Amend (the "Motion," ECF No. 59) and contemporaneously filed Motion for Discovery (ECF No. 60). The case is presently pending before District Judge Dlott on the June 4, 2025, Report and Recommendations of the undersigned recommending dismissal with prejudice (ECF No. 37).

      A motion to amend under Fed. R. Civ. P. 15 is non-dispositive and thus within the Magistrate Judge's decisional authority. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.); *Chinn v. Warden*, 2020 U.S. Dist. LEXIS 94062 (S.D. Ohio May 29, 2020)(Morrison, D.J.).

1

**Motion to Amend**

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. See also *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Jackson v. City of Cleveland*, 925 F.3d 793, 809 (6th Cir. 2019); *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Research, Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*,

918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). These considerations apply as well in capital habeas corpus cases. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998), quoting *Brooks*. Denial of a motion for leave to amend the complaint generally is reviewed for abuse of discretion, but denial on the basis of futility is reviewed de novo. *Evans v. Pearson Enters., Inc.,* 434 F.3d 839, 853 (6th Cir. 2006).

Petitioner does not address this general standard, but the Magistrate Judge finds the Motion to Amend is made after undue delay. Petitioner summarizes his proposed new Ground Six as follows:

> The State deliberately deceived the Court and jury to obtain this conviction. Three sub-claims constitute ground six. Sub-claim i. At trial the Prosecutor, Anneka Collins, elicited known false testimony from Highland County Sheriff detective Vincent Antinore. Sub-claim ii. At trial the prosecutor elicted [sic] known false testimony from Cheryl Denise Fauber. Sub-claim iii. In a pretrial hearing the Prosecutor, Anneka Collins, deliberately deceived the court to persuade the court to deem evidence admissible."

(Motion, ECF No. 59, PageID 1775)

Petitioner first raised these claims as omitted assignments of error on direct appeal when he filed his Application for Reopening that appeal on September 7, 2022, almost eighteen months

3

before he filed his Petition here (State Court Record, ECF No. 6, Ex. 15). He offers no excuse for failing to include these claims in the Petition when filed in February 2024. He certainly knew of the underlying facts at the time of trial. In rejecting Petitioner's 26(B) Application, the Fourth District found against Petitioner on the merits, concluding he had not shown a colorable claim of ineffective assistance of appellate counsel because the record did not support raising these claims under *Napue v. Illinois*, 360 U.S. 264, 269 (1959). (Judgment, State Court Record, ECF No. 6, Ex. 17).

Not only is the Motion filed after undue delay to this point, but granting it would cause further delay. The Report recommending dismissal is ripe for Judge Dlott's decision. Amending the Petition would certainly undermine that ripeness, particularly if the Court were to grant discovery, which petitioner also seeks.

Under *Foman*, the Court is to consider not only undue delay, but whether an amended petition would be subject to dismissal under Fed.R.Civ.P. 12(b)(6). The new claims Petitioner seeks to add would be subject to dismissal as barred by the statute of limitations. 28 U.S.C. § 2244(d) provides four possible triggering dates for the one-year statute. Because the amended petition is tendered more than a year after the case was actually filed, the amendments are time-barred unless they relate back to the original filing date.

Petitioner argues the amendments would relate back under *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Relation back depends on a "common core of operative facts" between the new claim and the claim made in the original petition. *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011)(quoting *Mayle,* 545 U.S. at 650). Petitioner's only argument about "common core" notes that these are the same underlying claims made in the 26(B) Application (Motion, ECF No. 59, PageID 1775). But that is not the comparison the law requires. For relation back, the facts on

4

which the new claims depend must have the same common core of facts as the claims made in the original pleading. It is not sufficient that the claims arise out of the same trial; that had been the Ninth Circuit position which the Supreme Court rejected in *Mayle*.

Petitioner also asserts he can avoid the bar of the statute of limitations because he is actually innocent. The controlling precedent on this point is now the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

In *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit anticipated *McQuiggin* by holding Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup* [*v. Delo*] actual innocence exception." The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless

5

> the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Petitioner has submitted no new evidence at all of the sort contemplated by *Schlup* and *Souter*.

For each and all of these reasons, Petitioner's Motion to Amend is DENIED.

**Motion for Discovery**

Petitioner seeks leave to conduct discovery to obtain four items, three of which he sought previously to have added to an expanded record. All four items are said to support his proposed Ground Six (ECF No. 60).

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; Rule 6(a), Rules Governing § 2255 Cases; *Bracy v. Gramley*, 520 U.S.

6

899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996).

Because the Court has denied leave to amend to add Ground Six, there is not good cause to obtain discovery in support of that claim. The Motion for Leave to Conduct Discovery is DENIED.

November 5, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge
