# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

AARON D. LUDWICK,

        Petitioner,   :        Case No. 1:24-cv-51

  - vs -                                 District Judge Susan J. Dlott
                                           Magistrate Judge Michael R. Merz

TIM SHOOP, Warden, Chillicothe
  Correctional Institution,

                                          :

        Respondent.

## DECISION AND ORDER ON MOTION TO EXPAND THE RECORD

This habeas corpus case is before the Court on Petitioner's Second Motion to Expand the Record. (Doc. 42.) Magistrate Judge Michael R. Merz has denied that Motion, and Petitioner filed Objections. (Docs. 53, 56.)

A district court reviews a magistrate judge's decisions on non-dispositive matters for clear error as to factual findings and *de novo* as to conclusions of law. 28 U.S.C. § 636(b)(1)(A). Having reviewed the Magistrate Judge's Decision and Order under that standard, the Court overrules Petitioner's Objections.

**Motions to Expand the Record**

Petitioner has twice moved to expand the record. (Docs. 11, 42.) The first request was denied by Chief Magistrate Judge Stephanie Bowman on the basis of *Cullen v. Pinholster,* 563

1

U.S. 170, 180–181 (2011).[1] (Doc.. 27, PageID 1348.) Petitioner filed Objections, but the Court overruled the Objections on the basis of *Pinholster*. (Docs. 28, 29, 30.)

Petitioner's second request to expand the record was made June 30, 2025, barely a month after the Court had denied his first request. (Doc. 42.) Magistrate Judge Merz denied the second request on the basis of the law-of-the-case doctrine. (Doc. 53.) Petitioner's Objections are now before the Court. (Doc. 56.)

**Law-of-the-Case Doctrine**

Petitioner Ludwick objects that the Magistrate Judge misapplied the law-of-the-case doctrine in two respects. First, Petitioner asserts that the Magistrate Judge erred in applying the-law-of-the-case doctrine to his request to expand the record to include an audio recording of a conversation between the victim and her mother purportedly submitted into the state court record on August 5, 2021. (Doc. 56, PageID 1703). Petitioner is correct that he did not request this audio recording in his first request to expand the record. Its exclusion was not at issue before Judge Bowman, and it is not covered by the law-of-the-case doctrine. Rather than remanding this issue to the Magistrate Judge, however, the Court will decide it directly.

As Petitioner describes this item in his second request, it consists of

> the video of a conversation between N.L. and her mother. Entered into the trial court docket on Aug. 5, 2021, additional discovery (by state), within the document item (C)(1) Audio conversation between victim and mother -attached. ECF 6 PageID 70; Appendix item I.

(Doc. 42, PageID 1549). The state court record indicates that filings about discovery were made in Ludwick's criminal trial proceedings on August 5, 2021. (Doc. 6, PageID 70.) Petitioner now provides a copy of a notice by the Highland County Prosecutor disclosing to the defense as an item

---

[1] The magistrate judge reference in this case was transferred to Magistrate Judge Merz on May 22, 2025.

2

discovery "Audio of conversation between victim and mother – attached." (Doc. 42, PageID 1558.) This filing indicates that the prosecutor had an audio recording she intended to use at trial.

Respondent explained as follows in response to the second request to expand the record:

> Prosecutor Anneka Collins reports that, to the contrary, the Notice of "Additional Discovery" that Ludwick provided as Exhibit 1 to his Motion to Expand (ECF 42, PageID 1558) was filed in the trial court as notice of the discovery that was provided to Ludwick's trial counsel. No recording was "attached" and filed in the criminal case. Rather, only the cover page of discovery provided to the defense is filed to memorialize the discovery provided to Ludwick's defense attorney, which included the recording. In sum, no recording between the victim and her mother was filed in this case. Rather, it was provided to Ludwick's trial counsel in discovery.

(Doc. 45, PageID 1608.) Petitioner provides no evidence to the contrary. The notice proves, at most, that his attorney received the audio recording in discovery, but not that it was introduced in evidence at trial or included in the record on appeal. It merely records the prosecutor's compliance with her obligation to provide discovery under Ohio R. Crim. P. 16. Petitioner did not submit the audio recording to the state courts in his post-conviction proceedings either. Because this audio recording was not before the last state court to render a decision on the merits, its consideration here is precluded by *Pinholster*, as discussed in the next section. Petitioner's request to expand the habeas record to include this audio recording is denied.

Petitioner raises a second objection concerning the application of the law-of-the-case doctrine. He argues that "[t]he law of the case regarding the merits and therefore expansion of the record is the law that the State Appellate Court adopted." (Doc. 56, PageID 1705.) As a general principle, the law-of-the-case doctrine precludes reconsideration of issues that were expressly or impliedly decided at an earlier stage of the same case by the same or a superior court. *See Arizona v. California,* 460 U.S. 605, 618 (1983); *United States v. Moored*, 38 F.3d 1419, 1421–1422 (6th Cir. 1994). This is not the same "case" for purposes of the doctrine as the criminal case that

3

proceeded through appeal and post-conviction proceedings in the Ohio state courts, although it is certainly the same controversy. The Court will not overturn the Decision and Order of the Magistrate Judge on the basis of purported misapplication of the law-of-the-case doctrine.

**Application of *Cullen v. Pinholster***

Both Magistrate Judges have denied Petitioner's requests to expand the record based on *Cullen v. Pinholster,* 563 U.S. 170 (2011). The Court adopted that position in overruling Petitioner's Objections to Magistrate Judge Bowman's denial of the first request and does so again now in denying the second request. As the Sixth Circuit has held, *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024) (quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020)).

Petitioner relies on what he describes as the conditional clause in *Pinholster*. The district court's review of constitutional claims under 28 U.S.C. § 2254(d)(1) is limited to the state court record only "[i]f an application includes a claim that has been adjudicated on the merits in State court proceedings." 563 U.S. at 181. He argues that his case was not decided on the merits by the Ohio appeals court, relying on *Ohio v. Leyh*, 166 Ohio St.3d 365 (2022), so this Court's review is not limited to the state court record. In so arguing, Petitioner misunderstands *Leyh* and how the Ohio appeals court applied *Leyh* in his case.

In *Leyh,* the Ohio Supreme Court held that courts adjudicating ineffective assistance of appellate counsel claims under Ohio Rule of Appellate Procedure 26(B) must follow a two-step process:

> [T]he two-stage procedure prescribed by App.R. 26(B) requires that the applicant seeking permission to reopen his direct appeal show at the first stage that there is at least a genuine issue—that is, legitimate grounds—to support the claim that the applicant was deprived of the

4

> effective assistance of counsel on appeal. *See* App.R. 26(B)(5). If that showing is made and the application is granted, the applicant must then establish at the second stage the merits of both the direct appeal and the claim of ineffective assistance of appellate counsel. *See* App.R. 26(B)(9).

*Leyh* at ¶ 25. The Ohio appeals court decided Petitioner's ineffective assistance of appellate counsel claims at the first stage of the process prescribed in *Leyh*. This does not mean it did not consider the merits of Ludwick's ineffective assistance of appellate counsel claim. The Ohio appeals court found its duty at the first stage of the *Leyh* process to be undertaking "a substantive review of the claim." (Doc. 6, PageID 270.) It completed that task and found that Ludwick "failed to demonstrate any genuine issue as to whether there is a colorable claim of ineffective appellate counsel." (*Id*.) It denied reopening the appeal on that substantive basis as opposed to any procedural basis. There are of course many procedural bases on which a Rule 26(B) application can properly be denied. The one most frequently seen in habeas corpus cases in this Court is a failure to file within the time limits prescribed by Rule 26(B). The Ohio appeals court did not deny Ludwick's Rule 26(B) application on any procedural basis, but on its preliminary review of the merits.

     The Rule 26(B) process prescribed in *Leyh* is parallel to many processes in the criminal law. In deciding whether to indict, for example, the grand jury determines whether there is probable cause to believe a defendant committed the crime charged. The same probable cause standard applies to preliminary hearings in both state and federal court. The fact that an Ohio appellate court must ultimately decide if a Rule 26(B) application has merit does not mean that a decision to deny the application on substantive grounds—no colorable issue of ineffective assistance of appellate counsel—at the first stage is not on the merits.

5

Moreover, the only issue in a Rule 26(B) application is whether a defendant received ineffective assistance of appellate counsel. Filing a Rule 26(B) application presents only that issue to the court of appeals, not all the other issues on which a defendant claims trial court error. A Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012) (*citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001)). The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) application "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.*

Ludwick's position on what the record must include is well summed up in his Objections: "If the video [of the police interrogation] was NOT HEARD AND EVALUATED by the appellate Court the ruling was not on the merits. It is that simple." (Doc. 55, PageID 1706.) It is not that simple. As the Sixth Circuit held in *Lott, supra,* the right to have the habeas record include everything the petitioner wishes it included can be lost by any one of a number of procedural defaults. The two items Petitioner Ludwick seeks to add to the record—the audio recording between the victim and her mother and a video recording of his police interrogation—were never offered in evidence or included in the appellate record in state court. *Pinholster* precludes their addition to the record now.

6

**Conclusion**

The Petitioner's Objections (Doc. 56) are **OVERRULED**, the Magistrate Judge's Decision and Order (Doc. 53) is **AFFIRMED**, and Petitioner's Second Motion to Expand the Record (Doc. 42) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

S/Susan J. Dlott
Susan J. Dlott
United States District Judge